FILED

2018 Jan-18  PM 05:40
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **MARIAN SNOW,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **vs.** | } | **Case No.: 7:17-CV-01961-LSC** |
| | } | |
| **GENERAL ELECTRIC COMPANY,** | } | |
| **DELL TECHNOLOGIES, DELL INC.,** | } | |
| **DELL EMC, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>DEFENDANT GENERAL ELECTRIC COMPANY'S<br>MOTION TO DISMISS</u>

OF COUNSEL:
Wesley B. Gilchrist
*wgilchrist@lightfootlaw.com*
Brooke G. Malcom
*bmalcom@lightfootlaw.com*
Jeffrey P. Doss
*jdoss@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone:  (205) 581-0700
Facsimile:  (205) 581-0799

# **Table of Contents**

I.      Summary of Alleged Facts and Claims ........................................................... 3

II.     Plaintiff Marian Snow's claims should be dismissed because she has failed to allege any facts to establish personal jurisdiction over Defendant General Electric Company under Federal Rule 12(b)(2) and venue is not proper in the Northern District of Alabama under 28 U.S.C. § 1391 ........................... 6

        A.      Standards of Review ...................................................................... 6

        B.      Snow has failed to allege any facts to establish general jurisdiction over Defendant General Electric Company ........................................ 8

        C.      Snow has failed to allege any facts to establish specific jurisdiction over Defendant General Electric Company ........................................ 9

        D.      Venue is not proper in the Northern District of Alabama under 28 U.S.C. § 1391. .................................................................... 15

III.    Plaintiff Marian Snow's claims should be dismissed because she has failed to allege sufficient facts to state a legal claim under Federal Rule 12(b)(6). ............................................................................... 17

        A.      Standard of Review ...................................................................... 17

        B.      Snow's TCPA claim should be dismissed because she has failed to allege a single fact plausibly demonstrating that the text messages at issue were sent by Defendant General Electric Company. ................ 18

        C.      Snow's TCPA claim should be dismissed because she has failed to plausibly allege the use of an ATDS. ................................................ 20

        D.      Snow's conversion claim should be dismissed because she has failed to allege facts sufficient to state a claim ............................................ 25

IV.     Conclusion ................................................................................... 27

Certificate of Service ................................................................................... 28

## <u>DEFENDANT GENERAL ELECTRIC COMPANY'S<br>MOTION TO DISMISS</u>

Defendant General Electric Company ("GE") moves the Court to dismiss the First Amended Complaint[1] filed by Plaintiff Marian Snow on December 6, 2017.

<u>First,</u> Snow has failed to allege any facts sufficient to establish the exercise of personal jurisdiction over GE, and pursuant to Federal Rule of Civil Procedure 12(b)(2), this Court should dismiss the First Amended Complaint.  There is no general jurisdiction over GE because it is a New York corporation headquartered in Massachusetts.  And, as to specific jurisdiction, there are no allegations in the First Amended Complaint suggesting that the conduct giving rise to Snow's claims occurred in Alabama.  Instead, court records from other lawsuits filed by Snow reveal that she resided continuously in North Carolina during the relevant timeframe.  Without personal jurisdiction, the First Amended Complaint should be dismissed.  In addition, Snow has failed to allege any facts sufficient to support venue in the Northern District of Alabama.  Venue is not proper in the Northern District of Alabama because no defendant resides in this district, and the alleged conduct did not occur in this district.

<u>Second,</u> if the Court reaches the merits, Snow's 111 allegations in her First Amended Complaint – the overwhelming majority of which are bald legal

---

[1]      [Doc. #4].

conclusions – reduce to a single theory: between April 1, 2014 and January 15, 2015, she allegedly received 2,900 unwanted text messages to her cellular telephone number in purported violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Despite having amended her original complaint, Snow has failed to allege any facts that would plausibly show that GE sent these text messages or caused such messages to be sent on its behalf.  Further, Snow does not allege adequate facts plausibly showing that GE sent the alleged text messages using an automatic telephone dialing system with a random or sequential number generator ("ATDS"), the most critical element of a TCPA violation.  Quite the opposite, the First Amended Complaint alleges that the text messages were technical alerts specifically targeted to the phone number she was assigned by Tracfone, which she believes was previously held by an employee of one of the Defendants.  Finally, Snow has also failed to plead any facts demonstrating that GE exercised dominion and control over her personal property – a required element of conversion under Alabama law.

Accordingly, the First Amended Complaint fails to satisfy the pleading standard established by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Because Snow has failed to plead plausible or particularized claims for relief against GE, Snow's claims against GE should be dismissed.

## I.   <u>SUMMARY OF ALLEGED FACTS AND CLAIMS</u>

According to the First Amended Complaint, Snow purchased a new cellular telephone from Tracfone on March 29, 2014, and Tracfone assigned her a telephone number ending in 4908.[2]  Snow claims that she began receiving unwanted text messages from the four "Defendants" named in the First Amended Complaint – GE, Dell Technologies, Inc., Dell Inc., and Dell EMC – within a few days of her telephone purchase.[3]  Snow alleges that these text messages often were transmitted to her mobile phone in batches, at times at a "rate of seven (7) or more within a single minute."[4]

According to Snow, the "From" address of each text message displayed a ten-digit "Sender ID" number that varied by text message.[5]  There are no factual allegations connecting these Sender ID numbers to GE.  The only alleged link between the text messages and GE is what appears to be a single text message from "FRM:EMC Control Center @e2ksmtp01.e2k.ad.ge.com" containing technical information pertaining to "Symmetrix" and "gislonpeccsym.gis.corp.ge.com."[6]

---

[2]      [Doc. # 4 at ¶ 12].

[3]      *Id*. at ¶ 16.

[4]      *Id*. at ¶ 18.

[5]      *Id*. at ¶¶ 32-35.

[6]      *Id*. at ¶ 48.

Snow also references a business relationship between GE and Dell Technologies and Dell EMC.   According to Snow, the website for Dell Technologies refers to an IT infrastructure agreement between GE and Dell Inc. and contains general statements to the effect that GE is a Dell customer.[7] However, the First Amended Complaint contains no allegations purporting to show that the relationship between GE and Dell somehow caused the unwanted text messages to be sent to Snow.

In similar conclusory fashion, Snow asserts that "Defendants" utilized an ATDS to send the text messages.[8]  She purports to reach this conclusion based on "the frequency, number, nature, and character of Defendants' text messages."[9]  But Snow does not allege that the equipment that "Defendants" purportedly used to send the text messages had the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator" and "to dial such numbers" – the statutory requirements for an ATDS.[10]   And, in fact, the factual allegations of the First Amended Complaint contradict Snow's supposition that an ATDS was used.

---

[7]     *Id*. at ¶¶ 62-67.

[8]     *Id*. at ¶¶15, 52.

[9]     *Id.* at ¶ 52.

[10]     47 U.S.C. § 227(a)(1).

In contradiction to her conclusory ATDS allegations, Snow alleges that she was not the recipient of randomly generated messages, but rather that her phone number was reassigned and that the alleged text messages were intended for the prior owner or holder of her cellular telephone number.  Specifically, Snow alleges that the messages "contained technical information or alerts that were clearly intended for another recipient,"[11] and that "[i]t is Plaintiff's good faith belief that she was … the unwitting recipient of a barrage of communications intended for the prior owner or holder of her reassigned [telephone] number."[12]  She further indicates that the text messages were "intended for an internal business or industrial communication, or an a[] remote alert to an employee[] or agent[]."[13] Thus, unlike messages sent by an ATDS using a random or sequential number generator, according to Snow, the messages were sent to a specific number that was not randomly or sequentially generated.

Nonetheless, Snow sued GE, as well as Dell, Inc., Dell Technologies, Inc., and Dell EMC, making a claim under the TCPA, as well as for conversion of

---

[11]     [Doc. #4 at ¶ 47].

[12]     *Id.* at ¶ 49.

[13]     *Id.* at ¶ 51.

personal property under Alabama law.[14]  She seeks statutory damages, injunctive relief, and attorneys' fees.[15]

II. **PLAINTIFF MARIAN SNOW'S CLAIMS SHOULD BE DISMISSED BECAUSE SHE HAS FAILED TO ALLEGE ANY FACTS TO ESTABLISH PERSONAL JURISDICTION OVER DEFENDANT GENERAL ELECTRIC COMPANY UNDER FEDERAL RULE 12(B)(2) AND VENUE IS NOT PROPER IN THE NORTHERN DISTRICT OF ALABAMA UNDER 28 U.S.C. § 1391.**

A. **Standards of Review**

"A federal district court sitting in diversity may exercise personal jurisdiction to the extent authorized by the law of the state in which it sits and to the extent allowed under the Constitution."[16] The Court must consider (1) whether personal jurisdiction is consistent with the forum state's long-arm statute and (2) whether the exercise of personal jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.[17]  For federal courts in Alabama, however, those "two inquiries merge, because Alabama's long-arm statute permits the

---

[14] *Id*. at ¶¶ 105-111.

[15] *Id*. at pp. 15-16.

[16] *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002).

[17] *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004).

exercise of personal jurisdiction to the fullest extent constitutionally permissible."[18] Thus, the Court must consider only the limits of the Due Process Clause.[19]

Under the Due Process Clause, "[t]here are two types of personal jurisdiction – general jurisdiction and specific jurisdiction – but both are based on the defendant's contacts with the forum state."[20] The plaintiff "has the burden of establishing a prima facie case of personal jurisdiction."[21] Specifically, "[a] plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."[22]

When considering whether venue is proper, the Court may assume the factual allegations of the plaintiff's complaint are true if not controverted by evidence presented by the defendant.[23] In federal court, venue is proper in "(1) a

---

[18]   *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007) (citing *Sieber v. Campbell*, 810 So.2d 641, 644 (Ala. 2001)).

[19]   *Mut. Serv. Ins. Co.*, 358 F.3d at 1319.

[20]   *Cahaba Disaster Recovery, LLC v. DRC Emergency Servs., LLC*, No. 15-2096, 2015 WL 9489911, at *2 (N.D. Ala. Dec. 30, 2015) (Coogler, J.).

[21]   *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

[22]   *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009); *see also Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999) ("A plaintiff seeking to obtain jurisdiction over a nonresident defendant initially need only allege sufficient facts to make out a prima facie case of jurisdiction.").

[23]   *See Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990).

judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."[24]

## B.   Snow has failed to allege any facts to establish general jurisdiction over Defendant General Electric Company.

There are no allegations in the First Amended Complaint supporting the exercise of general jurisdiction in Alabama over GE.   The Supreme Court articulated the standard for general jurisdiction over a non-resident corporation, such as GE: "[T]he inquiry . . . is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'"[25]   By extension, "[f]or an individual, the paradigm forum for the exercise of general personal jurisdiction is the individual's domicile," but "for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."[26] Absent the "exceptional"

---

[24]   28 U.S.C. § 1391.

[25]   *Daimler AG v. Baumer*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).

[26]   *Goodyear*, 131 S. Ct. at 2853-54 (citing Brilmayer et al., *A General Look at General Jurisdiction*, 66 TEX. L. REV. 721, 728 (1988)).

case, a corporation "is fairly regarded as at home" in the forum of its incorporation and the forum where its principal place of business is located.[27]

Setting aside Snow's failure to identify *any* contacts by GE with Alabama, as Snow has affirmatively pleaded, GE is "a New York corporation headquartered in Boston, Massachusetts" and, thus, neither incorporated in nor headquartered in Alabama.[28]   Absent those jurisdictional contacts, GE cannot be regarded as "at home" in Alabama, which precludes general jurisdiction over GE in Alabama.

## C.    Snow has failed to allege any facts to establish specific jurisdiction over Defendant General Electric Company.

As to specific jurisdiction, "[f]or a state to exercise jurisdiction consistent with due process, the defendant's *suit-related conduct* must create a substantial connection with the forum state."[29]   "[M]ere injury to a [current] forum resident is not a sufficient connection to the forum."[30]   The relevant inquiry, as the Supreme Court made clear in *Walden*, is whether the defendant expressly aimed its allegedly injurious conduct at the forum state, thereby causing injury there.[31]   The First

---

[27]    *Daimler AG*, 134 S. Ct. at 761 n.19.

[28]    [Doc. #4 at ¶ 6].

[29]    *Matson v. Steve's Truck & Trailer Repairs, Inc.*, No. 17-1166, 2017 WL 4472717, at *3 (N.D. Ala. Oct. 6, 2017) (Coogler, J.) (citing *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)) (emphasis added).

[30]    *Walden*, 134 S. Ct. at 1125.

[31]    *Id.* at 1119.

Amended Complaint contains no facts suggesting that GE did anything in Alabama to create that "substantial connection."

While the First Amended Complaint alleges that Snow is currently a resident of Alabama,[32] the complaint does not allege that she resided in Alabama or was present in Alabama when she received the text messages that form the basis for her claim.   Instead, judicial records strongly suggest Snow was present in North Carolina when she received the offending text messages between April 1, 2014 and January 15, 2015.[33]   During that timeframe, in other litigation, Snow represented to the U.S. District Court for the Eastern District of North Carolina that she was a resident citizen of North Carolina:

- <u>Marian Snow v. Wells Fargo Bank, N.A., et al.</u>, Case No. 7:14-CV-2 (E.D.N.C.): Snow filed a TCPA complaint on January 3, 2014, and in her complaint, Snow alleged that (1) she "resides" in the Eastern District of North Carolina and (2) "at all relevant times, resided in the State of North Carolina."   [Ex. A at 1-2].   In her complaint, Snow listed her address as 4472 Island Drive, North Topsail Beach, North Carolina 28460.   *Id.* at 24.   Effective August 13, 2014, Snow advised

---

[32]      [Doc. #4 at ¶ 5].

[33]      When considering a Rule 12(b)(2) motion to dismiss, the Court may consider documents extrinsic to the complaint.  *See, e.g., Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996) ("When a defendant raises through affidavits, documents or testimony a meritorious challenge to personal jurisdiction, the burden shifts to the plaintiff to prove jurisdiction by affidavits, testimony or documents.") (quoting *Jet Charter Serv., Inc. v. Koeck*, 907 F.2d 1110, 1112 (11th Cir.1990)).  Moreover, filings from other courts, such as those filings attached to this Motion, are subject to judicial notice pursuant to Federal Rule of Evidence 201.  *See, e.g., Universal Express, Inc. v. SEC*, 177 Fed. App'x 52, 53 (11th Cir. 2006) (courts may take judicial notice of public records, such as a complaint filed in another court) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277-78, 1280 (11th Cir. 1999)); *Klopfenstein v. Deutsche Bank Sec., Inc.*, 592 Fed. App'x 812, 816 n. 5 (11th Cir. 2014) (same).

the court and the defendants that her address had changed to 907 Timberlake Drive NW, Wilson, North Carolina 27893, [Ex. B at 1], which is the same address for Snow as of December 11, 2014, when the lawsuit was voluntarily dismissed.  [Ex. C at 2].

- <u>Marian Snow v. CitiBank, N.A., Case No. 5:14-CV-59 (E.D.N.C.):</u> Snow filed another TCPA complaint on February 3, 2014, and in her complaint, Snow alleged that (1) she "resides" in the Eastern District of North Carolina and (2) "at all relevant times, resided in the State of North Carolina."  [Ex. D at 1].  In the complaint, she listed her address as 102 Nostalgia Lane, Zebulon, North Carolina 27597.  *Id.* at 20.  Effective August 13, 2014, Snow advised the court and the defendant that her address had changed to 907 Timberlake Drive NW, Wilson, North Carolina 27893.  [Ex. E at 1].  By March 15, 2016, when the parties stipulated to the dismissal of the case, Snow's address was still listed as a North Carolina address.  [Ex. F at 1].

- <u>Marian Snow v. Brock & Scott PLLC, et al., Case No. 7:14-CV-28 (E.D.N.C.):</u> Snow filed a complaint on February 5, 2014, and in her complaint, Snow alleged that (1) she "resides" in the Eastern District of North Carolina and (2) "at all relevant times resided in the State of North Carolina."  [Ex. G at 1-2].  She listed her address as 4472 Island Drive, North Topsail Beach, North Carolina 28460, *id.* at 32, and used that same address on July 9, 2014, when she stipulated to the dismissal of the lawsuit.  [Ex. H at 1].

- <u>Marian Snow v. Client Services, Inc., Case No. 5:15-CV-419 (E.D.N.C.):</u> Snow filed another TCPA complaint on August 24, 2015, and in her complaint, Snow alleged that, "at all relevant times, [she] reside[d] in the State of North Carolina."  [Ex. I at 1].  In the complaint, she listed her address as 907 Timberlake Drive NW, Wilson, North Carolina 27893 – the same address that Snow used on November 12, 2015, when she voluntarily dismissed her lawsuit.  *Id.*; [Ex. J at 1].

And in *Marian Snow v. Ernest Smith, et al.*, Case No. DV-2015-000003 (Tuscaloosa County District Court), Snow filed a complaint for unlawful detainer on January 5, 2015 and listed her address as 907 Timberlake Drive NW, Wilson,

11

North Carolina 27893 (i.e., her last-used address in North Carolina).[34]  In that case, following her purchase of property at a foreclosure sale on December 31, 2014, Snow sought to remove individuals from a home located at 215 30th Avenue East, Tuscaloosa, Alabama 35404.[35]  On March 9, 2015, when Snow voluntarily dismissed the case and after she stopped receiving the text messages allegedly from GE and others, she was still using the Wilson, North Carolina address in a court filing.[36]  Only in *Marian Snow v. James Ross*, Case No. DV-2016-000129 (Tuscaloosa County District Court), a complaint for unlawful detainer filed on August 22, 2016, – well after the alleged text messages at issue here – did Snow begin using an Alabama address.[37]  In that case, she listed her address as 215 30th Avenue East, Tuscaloosa, Alabama 35404 (i.e., the property involved in her prior unlawful detainer action that was not dismissed until March 2015, after she stopped receiving the alleged text messages).[38]

Thus, Snow's prior court representations indicate that she was continuously domiciled in North Carolina throughout the time period when she received the

---

[34]   [Ex. K at 1].

[35]   *Id.*

[36]   [Ex. L at 1].

[37]   [Ex. M at 1].

[38]   *Id.*

alleged text messages.    Additionally, the telephone number to which these messages allegedly were sent has the area code "919,"[39] which is associated with North Carolina – not Alabama.[40]   In the TCPA context, courts have exercised personal jurisdiction over non-resident defendants only when the targeted numbers were associated with the forum state, which would place defendants on notice that their conduct could expose them to the exercise of personal jurisdiction and, consequently, satisfy the "purposeful availment" standard.[41]   As the Southern District of Florida explained, "it is reasonable to anticipate that harm from a TCPA violation arising from a call or text message to a Florida phone number would be suffered in Florida.  Indeed, multiple courts have found calls or text messages to a

---

[39]    While Snow does not allege the full phone number directly, in paragraph 12 of the First Amended Complaint she alleges that the phone number to which she received the text messages ended in "4908" [Doc. #4 at ¶ 12], and in her signature line she lists her phone number as "919-449-4908."  [Doc #4 at ¶ 12 and p.17]

[40]    *See Where is Area Code 919*, https://www.worldatlas.com/na/us/nc/area-code-919.html (last visited Jan. 10, 2018). The Court may take judicial notice that area code "919" is associated with North Carolina because it is a fact that is not subject to reasonable dispute.  *See* FED. R. EVID. 201; *see also Fabio v. Diversified Consultants, Inc.*, No. 13-00524, 2014 WL 713104, at *3 n.4 (W.D. Wis. Feb. 25, 2014) ("The court takes judicial notice of the fact that the '608' area code serves a portion of the Western District of Wisconsin, including Madison.").

[41]    *Luna v. Shac, LLC*, No. C14-00607, 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014) ("When [the defendant] *intentionally sent unsolicited text messages advertising [itself] to California cell phone numbers*, which conduct gave rise to this litigation, it purposefully directed its activity to California such that [the defendant] is reasonably subject to the personal jurisdiction of this Court.") (collecting cases) (emphasis added); *see also Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636, 645 (N.D. Ill. 2017) ("MinuteClinic's act of placing a call to a phone number with an Illinois-affiliated area code – knowing that number was associated with a past customer of an area clinic – and leaving a message that solicits the customer to visit an area clinic constitutes purposeful direction warranting the Court's exercise of jurisdiction.").

phone number *affiliated with a particular state* that violate the TCPA sufficient to satisfy the effects test for a court of that state to exercise personal jurisdiction over the defendant."[42]  Because there are no allegations that Snow's telephone number is "affiliated" with Alabama – and, in fact, appears to be "affiliated" only with North Carolina – there is no specific jurisdiction in Alabama over Snow's TCPA claim against GE.

For Snow's conversion claim, which is an intentional tort under Alabama law, the effects test established by the U.S. Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984), supplies the relevant framework.[43]  Under *Calder*, a non-resident defendant's tortious conduct supports jurisdiction so long as the conduct "was (1) intentional; (2) *aimed at the forum state*; and (3) *caused harm that the defendant should have anticipated would be suffered in the forum state*."[44]  Here, there are no allegations in the First Amended Complaint establishing any of those conclusions. Rather, the alleged conduct was "aimed" at North Carolina, if anywhere.

---

[42]     *Keim v. ADF Midatlantic, LLC*, 199 F. Supp. 3d 1362, 1370 (S.D. Fla. 2016) (citing *Ott v. Mortgage Inv'rs Corp. of Ohio*, 65 F. Supp. 3d 1046, 1057 (D. Or. 2014); *Luna v. Shac, LLC*, Case No. 14-607, 2014 WL 3421514, at *3-4 (N.D. Cal. July 14, 2014)) (emphasis added).

[43]     *See Precision IBC, Inc. v. Wagner Ink, Inc.*, No. 12-671, 2013 WL 1728563, at *9 (S.D. Ala. Apr. 22, 2013) (applying the *Calder v. Jones* effects test to a defendant's alleged conversion under Alabama law); *see also Indus. Technologies, Inc. v. Jacobs Bank*, 872 So. 2d 819, 826 (Ala. 2003) ("Conversion is an intentional tort.") (quoting *Johnson v. Northpointe Apartments*, 744 So. 2d 899, 904 (Ala. 1999)).

[44]     *Licciardello v. Lovelady*, 544 F.3d 1280, 1286 (11th Cir. 2008) (emphasis added).

14

Consequently, there can be no exercise of jurisdiction over GE by this Court with respect to Snow's conversion claim.

Thus, there is no specific jurisdiction over GE in Alabama because "[s]pecific jurisdiction is based on a party's contacts with the forum state that arise out of or are related to the cause of action,"[45] and here there are no alleged contacts by GE with Alabama relating to the events at issue. North Carolina would be the proper forum for these claims – not Alabama. Accordingly, because there are no allegations in the First Amended Complaint suggesting any connection whatsoever between this lawsuit and Alabama, other than Snow's current residential address, the First Amended Complaint should be dismissed for lack of personal jurisdiction.

### D.   **Venue is not proper in the Northern District of Alabama under 28 U.S.C. § 1391.**

The First Amended Complaint should be dismissed under Rule 12(b)(3) because Snow has filed this case in an improper venue. Under the federal venue statute, venue is proper:

> "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant is

---

[45]    *Drummond Co., Inc. v. Collingsworth*, No. 15-506, 2017 WL 3268907, at *10 (N.D. Ala. Aug. 1, 2017) (Proctor, J.) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000)).

subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."[46]

Snow bears the burden of establishing that venue is proper.[47]

A corporation resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."[48]   As discussed above, personal jurisdiction is not appropriate in the Northern District of Alabama, so GE does not reside in this district.[49]   Because there are no allegations in the First Amended Complaint suggesting any connection whatsoever between this lawsuit and Alabama, other than Snow's current residential address, the events or omissions giving rise to Snow's claims did not occur in this district.

Further, Section 1391(a)(3) does not apply because it cannot be said that "there is no district in which the action may otherwise be brought."[50]   To the contrary, this action could have been filed in a North Carolina federal court – where Snow had previously litigated and where the alleged events leadings to Snow's claims in the First Amended Complaint apparently occurred.

---

[46]   28 U.S.C. § 1391(a).

[47]   *See Rogers v. Civil Air Patrol*, 129 F. Supp. 2d 1334, 1336 (M.D. Ala. 2001).

[48]   *Id*.

[49]   There are no allegations in Snow's First Amended Complaint suggesting that any of the named Defendants reside in this district, or are subject to personal jurisdiction in this district.

[50]   28 U.S.C. § 1391(a)(3).

Because the events alleged in the First Amended Complaint did not occur in Alabama, and no defendant resides in Alabama, this Court should dismiss the complaint for improper venue.[51]

## III. PLAINTIFF MARIAN SNOW'S CLAIMS SHOULD BE DISMISSED BECAUSE SHE HAS FAILED TO ALLEGE SUFFICIENT FACTS TO STATE A LEGAL CLAIM UNDER FEDERAL RULE 12(B)(6).

### A. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'"[52] but "a legal conclusion couched as a factual allegation" need not be accepted as true.[53] Instead, a complaint "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."[54] Thus, "[t]his standard demands that the factual allegations 'raise a right to relief above the speculative level' and 'nudge[] the[] claims across the line from conceivable to plausible.'"[55] "In the final analysis, '[d]etermining whether a complaint states a

---

[51]    *See Walls v. Action Res., Inc.*, No. 17-900, 2017 WL 4956423, at *2 (N.D. Ala. Nov. 1, 2017) (finding that venue was inappropriate in the Northern District of Alabama when no defendant resided in Alabama and "no facts are alleged to have occurred in Alabama.").

[52]    *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).

[53]    *Twombly*, 550 U.S. at 555.

[54]    *Id.*

[55]    *Id.* at 570.

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"[56]

**B.      Snow's TCPA claim should be dismissed because she has failed to allege a single fact plausibly demonstrating that the text messages at issue were sent by Defendant General Electric Company.**

In Count One, Snow claims that GE violated 47 U.S.C. § 227(b)(1)(A)(iii), which prohibits "any person . . . [from making] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

Snow's claims against GE should be dismissed because Snow has not plausibly alleged that the text messages at issue were sent by GE.  Indeed, Snow herself does not know who sent the text messages because she vaguely claims they were sent by the four named Defendants.[57] As the Southern District of Florida has explained, "to the extent [a plaintiff] attempts to assert a claim against Defendants under 47 U.S.C. § 227(b)(1)(A) . . ., such a claim is dismissed . . . for improperly

---

[56]      *Iqbal*, 556 U.S. at 679.

[57]      [Doc. # 4 at ¶¶ 14-106].

18

lumping together Defendants such that Defendants do not have fair notice of the precise nature of the violation that is claimed against them."[58]   In other words, a plaintiff cannot "simply lump[] the Defendants together," because they are "separate and distinct legal entities."[59]

Moreover, although Snow alleges that "ge.com" was referenced in the "technical information or alerts" of one of the text messages and describes a purported business relationship among the Defendants, Snow fails to plausibly allege that GE sent the text messages she received when all of the other messages were identified only by ten-digit "Sender ID" numbers that varied by text message and have no alleged tie to GE.[60]   As the Supreme Court has held, "[t]he plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully."[61]   The fact that one of 2,900 messages incorporated an isolated reference to "ge.com" does not remotely "nudge" the alleged involvement of GE "across the line from conceivable to plausible."[62]

---

[58]   *Bentley v. Bank of America, N.A.*, 773 F. Supp. 2d 1367, 1374-75 (S.D. Fla. 2011).

[59]   *Id.*; *see also Joseph v. Bernstein*, 612 Fed. App'x 551, 555 (11th Cir. 2015) (holding that if "a complaint indiscriminately groups the defendants together, it fails to comply with the minimum standard of Rule 8").

[60]   [Doc. #4 at ¶¶ 32-35, 42].

[61]   *Iqbal*, 556 U.S. at 678; *see also id.* at 679 (allegations that "do not permit the court to infer more than the *mere possibility of misconduct*" are insufficient to survive a motion to dismiss) (emphasis added).

[62]   *Id.* at 570.

Because Snow failed to provide facts supporting her conclusion that GE is responsible for the text messages sent to her cellular telephone, her claims against GE should be dismissed. Because she has already amended her Complaint and still has no sufficient factual allegations as to GE, her claims against GE should be dismissed with prejudice.

### C.   Snow's TCPA claim should be dismissed because she has failed to plausibly allege the use of an ATDS.

Regardless of who sent Snow the allegedly offending text messages, Snow must plausibly allege that the text messages were sent using an ATDS, and she has failed to do so.

Under the TCPA, an ATDS "means equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.[63]   The use of an ATDS is the central requirement of a TCPA violation.  Although Snow formulaically alleges that the text messages at issue were sent "via an automatic telephone dialing system" meeting the statutory definition,[64] she has alleged no specific facts to support this assertion, or more specifically any facts to support an assertion that Defendants generated the text messages using "equipment which has the capacity

---

[63]    47 U.S.C. § 227(a)(1); *see also Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833 (11th Cir. 2017).

[64]    [Doc. #4 at ¶ 52].

… to store or produce telephone numbers to be called, using a random or sequential number generator."  Instead, Snow only speculates that Defendants utilized an ATDS "in light of the frequency, number, nature and character of Defendants' text messages."[65]

While the frequency and nature of the alleged text messages might be consistent with the use of some kind of automated dialing system generally, nothing about the frequency, nature or character of the messages plausibly suggests, let alone demonstrates, that these messages were directed at her by a "*random* or *sequential* number generator" or equipment with such capacity. Indeed, other than her passing attempt to recite the ATDS requirement of the TCPA, Snow herself alleges only that Defendants initiated the communications "by an automated means that did not require direct human intervention" or an "automated or automatic transmission" sent "through any of multiple technologies or business applications."[66] But automated dialing alone would not establish a TCPA violation in the absence of the equipment's capacity to generate and make calls randomly.

Snow's allegations with respect to "Defendants'" alleged use of an ATDS are precisely the type of conclusory statutory allegations condemned in *Iqbal* and

---

[65]     *Id.*

[66]     *Id.* at ¶¶ 14-15, 53.

*Twombly*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice…[the court is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[67]   Indeed, faced with similarly conclusory and defective ATDS allegations in TCPA cases, courts have not hesitated to dismiss them.[68]

In *Ibey v. Taco Bell Corp.*, the plaintiff's TCPA claim arose from a text message sent to his cellular telephone in order to participate in a survey about Taco Bell, the defendant.[69]   The court characterized the plaintiff's allegations about the use of an ATDS as follows:

> In a conclusory manner, Plaintiff alleges that Defendant used an ATDS.  Nevertheless, Plaintiff neither specifies that the device has the capacity to store or produce telephone numbers *nor that the system uses a random or sequential number genera[tor] to text message the numbers*.[70]

The court dismissed the plaintiff's complaint for failure "to sufficiently plead the use of an ATDS within the meaning of the TCPA."[71]   As in *Ibey*, the amended

---

[67]    *Iqbal*, 556 U.S. at 678.

[68]    *Ibey v. Taco Bell Corp.*, No. 12-583, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012); *Wallack v. Mercantile Adjustments Bureau, Inc.*, No. 14-10387, 2014 WL 1515852, at *3 (E.D. Mich. Apr. 18, 2014) (dismissing when plaintiff failed to allege calls were made "using any automatic telephone dialing system or an artificial or prerecorded voice").

[69]    *Ibey*, 2012 WL 2401972, at *1.

[70]    *Id*. at *3 (emphasis added).

[71]    *Id*.

complaint here contains, at most, a conclusory allegation that the text messages were sent using an ATDS meeting the statutory requirement, with no factual allegations suggesting "that the system uses a random or sequential number genera[tor] to text message the numbers."

Furthermore, Snow's claimed use of an ATDS is not only conclusory and unsupported by any factual allegations, but it is flatly contradicted by other factual allegations in her own complaint.  Rather than alleging facts suggesting that she was the subject of communications initiated by a random or sequential number generator, Snow alleges (1) that the text messages were  "clearly intended" for "the prior owner or holder of her reassigned [cellular telephone] number,"[72] and (2) that the text messages were targeted to a specific person as "an internal business or industrial communication" or a "remote alert."[73]  Snow repeatedly alleges that the communications had a designated "intended recipient" with a designated phone number (not a randomly generated one) that was inadvertently reassigned to her.[74]  Thus, Snow plainly alleges that the text messages were targeted at an individual recipient – albeit not her – and were ***not*** the result of random dialing using an ATDS with a random or sequential number generator.

---

[72]     [Doc. #4 at ¶¶ 47, 49].

[73]     *Id.* at ¶ 51.

[74]     *Id.* at ¶¶ 72-74, 76, 79, 91-92; *see also id.* at ¶¶ 47, 49.

The Court need not accept as true conclusory allegations contradicted by other factual allegations in the complaint.[75]   Furthermore, under *Twombly* and *Iqbal*, a complaint will not survive a motion to dismiss where its allegations do not establish wrongful conduct "given more likely explanations."[76]   Here, the more plausible inference from Snow's allegations is that the text messages were not sent to her "using a random or sequential number generator," which is a required feature for equipment meeting the TCPA's definition of an ATDS.[77]

Accordingly, Snow has failed to plausibly plead the ATDS element of her claim "to raise a right to relief above the speculative level."[78] Therefore, her claims against GE are due to be dismissed.

---

[75]    *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007) (noting that the court's "duty to accept the facts in the complaint as true does not require [the court] to ignore specific factual details of the pleading in favor of general or conclusory allegations").

[76]    *Iqbal*, 556 U.S. at 681; *see also id.* at 682 (dismissing complaint where there was an "'obvious alternative explanation' for the arrests" that did not violate the law); *id.* at 680 (explaining that in *Twombly* the Supreme Court, while accepting well pled allegations of parallel conduct and "[a]cknowledging that parallel conduct was consistent with an unlawful agreement, nevertheless concluded that it did not plausibly suggest an illicit accord because it was not only compatible with, but indeed *was more likely explained* by, lawful, unchoreographed free-market behavior") (emphasis added).

[77]    *See* 47 U.S.C. § 227(a)(1)(A).

[78]    *Twombly*, 550 U.S. at 555.

**D.**     **Snow's conversion claim should be dismissed because she has failed to allege facts sufficient to state a claim.**

Under Alabama law, conversion is a wrongful taking, detention, or interference, or an illegal use or misuse of another's property.[79]  "The gist of the action is the wrongful exercise of dominion over property to the exclusion of or in defiance of a plaintiff's rights, where the plaintiff has a general or specific title to the property or the immediate right to possession."[80]  Here, Snow claims that "Defendants" converted her (1) cell phone equipment; (2) cell phone text message memory; (3) cell phone battery life; and (4) the ability of Snow's cell telephone to receive other text messages.[81]

Conversion is an intentional tort.  The "intent required is not necessarily a matter of conscious wrongdoing. It is rather an intent to exercise a dominion or control over the goods [of the plaintiff] which is in fact inconsistent with the plaintiff's rights."[82] As discussed above, Snow has failed to plausibly allege which defendant sent the text messages.

---

[79]     *Greene County Bd. of Education v. Bailey*, 586 So. 2d 893, 898 (Ala. 1991).

[80]     *Id*. (citing *Ex parte SouthTrust Bank of Ala., N.A.,* 523 So. 2d 407 (Ala. 1988)).

[81]     [Doc. #4 ¶ 110].

[82]     *Precision IBC, Inc.*, 2013 WL 1728563, at *n. 8 (quoting *Industrial Techs., Inc. v. Jacobs Bank,* 872 So. 2d 819, 826 (Ala. 2003)).

Moreover, Snow's factual allegations once again are inconsistent with the conclusory assertion that Defendants intentionally sought to exercise dominion over her cell phone.  While Snow alleges that this was the effect of the voluminous text messages she received, she further alleges that the text messages were "*clearly intended*" as "an internal business or industrial communication, or as a remote alert to an employee" providing "technical information or alerts."[83]  In other words, the factual allegations of the First Amended Complaint, accepted as true, would establish that Defendants intended to provide technical business information to one of their employees regarding some business system; not that they were directing the alleged text messages to Snow intending to fully occupy her cell phone (or their alleged employees' cell phone).  Indeed, Snow alleges in multiple places throughout the First Amended Complaint that she was an "*unintended* recipient" of these messages, that the "intended recipient" was someone other than herself, but that the targeted phone number was accidentally reassigned to her.[84]

Snow's allegations are flatly inconsistent with a claim that GE intentionally sought to exercise "dominion or control" over anyone's property, and certainly not the plaintiff's property – two essential elements of a conversion claim. Because Snow failed to provide facts supporting her conclusion that GE "exerted

---

[83]      [Doc #4 at ¶¶47-51] (emphasis added).

[84]      *Id.* at ¶¶ 73-74, 76-79, 91-92 (emphasis added).

dominion"[85] over her personal property, her conversion claim against GE should be dismissed with prejudice.

## IV.   **<u>CONCLUSION</u>**

For these reasons, GE respectfully requests that the Court dismiss Snow's claims against GE.

Respectfully Submitted,

Dated: <u>January 18, 2018</u>                    *<u>/s/ Wesley B. Gilchrist</u>*
                                     One of the Attorneys for GE

OF COUNSEL:
Wesley B. Gilchrist
*wgilchrist@lightfootlaw.com*
Brooke G. Malcom
*bmalcom@lightfootlaw.com*
Jeffrey P. Doss
*jdoss@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Telephone:   (205) 581-0700
Facsimile:   (205) 581-0799

---

[85]   [Doc. #4 ¶ 109].

## <u>CERTIFICATE OF SERVICE</u>

On this <u>18th</u> day of <u>January</u>, 2018, I certify that a copy of the foregoing was served on the following counsel of record through this Court's electronic filing system:

Derin B. Dickerson *(admitted pro hac vice)*
Cassie Johnson *(admitted pro hac vice)*
Alston & Bird, LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 881-7000

Adam P. Plant
Battle & Winn, LLP
2901 2nd Avenue South, Suite 220
Birmingham, Alabama 35233
(205) 397-8160
*Counsel for Dell Defendants*

I further certify that a copy of the foregoing was served on the following party of record through this Court's electronic filing system and via U.S. mail, postage prepaid:

Marian Snow
4336 Ridgewood Road
Tuscaloosa, Alabama 35404
*msnow20@gmail.com*
*Plaintiff*

*/s/ Wesley B. Gilchrist*
Of Counsel