# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

|  |  |
|---|---|
| **MARIAN SNOW,** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 7:17-cv-01961-LSC |
| **GENERAL ELECTRIC COMPANY, DELL TECHNOLOGIES, DELL, INC., and DELL EMC,** | ) |
| Defendants. | ) |

## DEFENDANTS DELL TECHNOLOGIES, DELL INC., AND DELL EMC'S MOTION TO DISMISS REPLY BRIEF

As demonstrated in Dell's Motion to Dismiss, Plaintiff's Amended Complaint must be dismissed because: (i) the Court lacks personal jurisdiction over the Dell Defendants, (ii) venue is improper in this District, and (iii) Plaintiff has failed to allege sufficient facts demonstrating that the Dell Defendants sent the text messages at issue. Plaintiff's Response in Opposition to the Dell Defendants' Motion to Dismiss ("Pl.'s Opp.") does not alter this conclusion.

Indeed, Plaintiff's Opposition fails to rescue the deficient claims in her Amended Complaint for a variety of reasons:

- Plaintiff impermissibly attempts to assert new factual allegations that are nowhere in her First Amended Complaint.

- Plaintiff's self-serving declaration that she resided in this District in 2014 is inconsistent with representations she made in prior court filings, and thus, it must be disregarded.

- Plaintiff concedes that she does not know whether Dell sent the text messages at issue and that she needs discovery to know whether she can state a claim against the Dell Defendants.

Rather than support her claims, Plaintiff's Opposition demonstrates that her First Amended Complaint must be dismissed as to the Dell Defendants. Federal Rule of Civil Procedure 8 and the Supreme Court's mandate in *Iqbal/Twombly* make clear that a plaintiff cannot sue a defendant based on mere speculation of possibly wrongful activity. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

This Court should dismiss the First Amended Complaint because there is no jurisdiction over the Dell Defendants, and Plaintiff fails to state a TCPA or conversion claim against the Dell Defendants.

**I.     This Court Does Not Have Personal Jurisdiction Over the Dell Defendants, and Venue Is Improper.**

In their Motion to Dismiss, the Dell Defendants established that Plaintiff lived in North Carolina at the time she allegedly received the text messages at issue. Because she received the alleged text messages in North Carolina and the

Defendants engaged in no conduct targeted toward this District, Plaintiff's Complaint must be dismissed for lack of personal jurisdiction and improper venue. Plaintiff's Opposition fails to rebut this inescapable conclusion. Instead, Plaintiff's opposition makes several incorrect assertions of law (that the Dell Defendants waived their right to challenge personal jurisdiction and venue) and of fact (that Plaintiff resided in Alabama during the relevant time).

### A. The Dell Defendants Did Not Waive Their Personal Jurisdiction Argument.

First, Plaintiff erroneously argues that the Dell Defendants waived their ability to challenge personal jurisdiction and venue. Pl.'s Opp. at 4-5. Plaintiff bases this argument on the fact that the Dell Defendants filed a consent motion to extend the time to respond to Plaintiff's Complaint and their Corporate Disclosure Statement before they filed their Motion to Dismiss. But engaging in such preliminary conduct does not waive the Dell Defendants' right to defend the case, including their right to assert defenses of lack of personal jurisdiction and improper venue. *Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1226 (S.D. Ala. 2006) (finding that no waiver occured when the defendant filed an answer, corporate disclosure statement, initial disclosures, a motion to extend time, and discovery responses); *Brokerwood Int'l (U.S.), Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 380-81 (5th Cir. 2004) (finding that no waiver occurred when seven months passed between defendant's answer and its motion to dismiss for lack of personal jurisdiction).

Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) provide that a defendant may challenge personal jurisdiction and venue by motion "before pleading." While a defendant may waive a personal jurisdiction defense when it "fails to raise the issue in either a responsive pleading or a Rule 12 motion," *Matthews*, 431 F. Supp. 2d at 1223, the Dell Defendants properly raised their personal jurisdiction and venue defenses in a Rule 12 motion, their first substantive filing, before answering the complaint. Accordingly, no waiver has occurred. *Id.*

### B. Plaintiff Did Not Live In This District When She Allegedly Received The Text Messages.

Plaintiff's attempt to convince the Court that she lived in this District when she allegedly received the text messages fails. Plaintiff alleges in her Complaint that she received the text messages at issue from April 1, 2014 to January 15, 2015, but she does not allege that she received those text messages in this District. That is because Plaintiff lived in North Carolina at least until August 2015. Dkt. No. 26-1 at Exh. F. Despite representing to a federal court in 2015 that she was then a resident of North Carolina, Plaintiff now claims that she has lived in Alabama since July 2014. Pl.'s Opp. at 10. The Court should not consider Plaintiff's declaration and representations for two reasons.

First, Plaintiff is barred by the doctrine of judicial estoppel from making an inconsistent representation of facts. Judicial estoppel "protect[s] the integrity of the judicial process by prohibiting parties from changing positions according to the

4

exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The Eleventh Circuit employs a two-part test in applying judicial estoppel: "whether (1) the party took an inconsistent position under oath in a separate proceeding, and (2) these inconsistent positions were 'calculated to make a mockery of the judicial system.'" *Slater v. United States Steel Corp.*, 871 F.3d 1174, 1181 (11th Cir. 2017). When plaintiffs attempt to take advantage of the judicial system by making a false representation or omission to separate courts, the Eleventh Circuit has found the judicial estoppel applies to preclude the later representation. *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1273 (11th Cir. 2010).

Judicial estoppel applies with full force here because Plaintiff took an inconsistent position in previous litigation in federal court in North Carolina. Specifically, Plaintiff previously represented to the district court in North Carolina that she was a resident of North Carolina in 2014 and 2015.  Now, Plaintiff is taking a different position in this litigation, claiming that she was *not* a resident of North Carolina, but of Alabama during that same time period. Pl.'s Opp. at 11-14.  Plaintiff contends that she represented only that she lived in North Carolina "during all relevant times" to that case.  Pl.'s Opp. at 13.  But an examination of Plaintiff's Complaint filed in July 2015 reveals that she represented to the Court that she lived in North Carolina *at the time the Complaint was filed*.  Dkt. No. 26-1 at Exh. F, p. 13 [Civil Cover Sheet].  The doctrine of judicial estoppel prohibits Plaintiff from

now disavowing the representations she made to a different federal court to support her jurisdiction and venue arguments in this case.

Second, as an evidentiary matter, Plaintiff's self-serving declaration should not be given weight when contradicted by her prior court filings. "[L]ike other self-serving declarations, such statements [of domicile] may lack persuasiveness or be negated by other declarations or inconsistent acts." *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1227 (M.D. Ala. 2003). In *Kasberger*, the Court rejected a plaintiff's declaration of his domicile because it conflicted with "established facts" and the declaration he made at an earlier unemployment compensation hearing. *Id.* The Court should give little weight to Plaintiff's declaration because it contradicts her earlier statements to the North Carolina court that she resided in North Carolina.

Consequently, because Plaintiff did not reside in Alabama during the time alleged in the complaint, personal jurisdiction over the Dell Defendants is inappropriate. *Hand*, 2018 WL 305818, at *2. In addition, venue is not proper in the Northern District of Alabama. *See* Dkt. No. 26-1 at 10-11; *Walls v. Action Res., Inc.*, No. 1:17-CV-900-VEH, 2017 WL 4956423, at *2 (N.D. Ala. Nov. 1, 2017).

## II. Plaintiff Has Failed to State a TCPA Claim Against the Dell Defendants.

Plaintiff's Opposition fails to save her TCPA claim. As an initial matter, Plaintiff's argument is based on new facts not asserted in the Complaint. Plaintiff's

6

assertion of new facts, however, is improper because "plaintiffs cannot amend their complaint through a response to a motion to dismiss." *Taylor v. JP Morgan Chase Bank, N.A.*, No. 7:17-CV-708-LSC, 2017 WL 5969818, at *3 (N.D. Ala. Dec. 1, 2017).

Even assuming that Plaintiff's extraneous factual allegations could be considered in resolving a motion to dismiss, Plaintiff's argument nonetheless fails to demonstrate that the Dell Defendants "initiated" or "sent" the text messages. In fact, Plaintiff's arguments only confirm that she has failed to adequately allege that the Dell Defendants sent or initiated the text messages at issue.

To state a TCPA claim against the Dell Defendants, Plaintiff must plausibly identify them as the maker of the text messages. *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012), *aff'd*, 582 F. App'x 678 (9th Cir. 2014) ("The plain language of the TCPA assigns civil liability to the party who 'makes' a call."). Courts routinely dismiss TCPA claims that fail to adequately identify a sender. *Schwanke v. JB Med. Mgmt. Solutions, Inc.*, No. 5:16-cv-597-Oc-30PRL, 2017 WL 78727, at *4 (M.D. Fla. Jan. 9, 2017) (dismissing TCPA allegations for failing to state a claim where complaint failed to differentiate between the conduct of each defendant and thus lacked factual specificity for defendants to know what they were accused of doing that made them liable for the fax); *SCOMA Chiropractic, P.A. v.*

*Jackson Hewitt Inc.*, No. 2:17-CV-24-FTM-38CM, 2017 WL 3149360, at *3 (M.D. Fla. July 25, 2017).

Plaintiff's TCPA claim against the Dell Defendants necessarily fails because Plaintiff has admitted that she has no facts that plausibly suggest any of the Dell Defendants were the senders of the text messages. Instead, she states that she needs discovery to determine whether Dell was involved[1] in sending the text messages. A plaintiff cannot simply sue indiscriminately in federal court and hope that discovery will reveal the existence of a claim. *Rohde v. Bank of Am., N.A.*, No. 1:12-CV-03059-SCJ, 2014 WL 11485915, at *4 (N.D. Ga. May 30, 2014), *aff'd,* 591 F. App'x 932 (11th Cir. 2015) ("to survive a motion to dismiss, Plaintiff cannot simply allege that he 'expects' facts supporting his allegations will be revealed through discovery"). In fact, Plaintiff's opposition arguments expressly reveal the speculative nature of her allegations:

- "It is ***a highly plausible scenario*** that a prior EMC employee or contractor, near the Durham, NC EMC operations, with the cellular telephone number having a 919 area code which had later been assigned

---

[1] Mere involvement with the transmission of a text message is insufficient to create liability under the TCPA. And, to the extent that Plaintiff maintains a position that the Dell Defendants were vicariously liable, "involved with" sending the messages, or created the technology to send the messages, there can be no TCPA liability. *See Fields v. Mobile Messengers Am., Inc.*, No. C 12-05160 WHA, 2013 WL 6774076, at *2 (N.D. Cal. Dec. 23, 2013) ("The FCC has interpreted the TCPA to exempt entities that 'simply provide transmission facilities'"); *Smith v. Securus Techs., Inc.*, 120 F. Supp. 3d 976, 981 (D. Minn. 2015) (finding that an inmates who dial calls are the "maker" and not the automated connecting service); *Donaca v. Dish Network, LLC.*, 303 F.R.D. 390, 394 (D. Colo. 2014) (holding that third parties who "merely have some role" in placing a call are not liable under the TCPA).

- to Plaintiff, ***could most certainly*** have been involved with the management of EMC data." Dkt. No. 32 at 14-15.

- "discovery will reveal the extent of EMC's involvement, ***if any***, as related to EMC's hand-on control, benefit derived-from, or connection to DELL and to the EMC elements of the Texts." Dkt. No. 32 at 15.

- "discovery will determine the level of training, or absence thereof, provided to the users by EMC that ***may or may not have created liability*** for the events pled in this case." Dkt. No. 32 at 16.

- "Plaintiff's FAC clearly stated that the Texts carried incriminating content that ***suggested*** both GE and EMC within each batch of messages sent to her cellular telephone." Dkt. No. 32 at 18.

As the Supreme Court has repeatedly emphasized, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007). Plaintiff's allegations are purely speculative and simply do not meet the plausibility standard required to state a claim under the Federal Rules of Civil Procedure. Her TCPA claim should be dismissed as to the Dell Defendants.

### III.   Plaintiff Has Failed to State a Claim For Conversion.

Similarly, Plaintiff's First Amended Complaint fails to state a claim for conversion, and her arguments that the Dell Defendants possessed her property are unavailing. Courts have dismissed conversion claims that overlap with TCPA claims because the statutory recovery under the TCPA provides an adequate remedy for the unsolicited phone calls or text messages. *Izsak v. Draftkings, Inc.*, 191 F. Supp. 3d 900, 908–09 (N.D. Ill. 2016). In addition, Alabama law requires an element of wrongful possession on the part of the defendant to state a claim for conversion.

"The bare possession of property without some wrongful act in the acquisition of possession, or its detention, and without illegal assumption of ownership or illegal user or misuser, is not conversion." *Clardy v. Capital City Asphalt Co.*, 477 So. 2d 350, 352 (Ala. 1985); 2 Ala. Pers. Inj. & Torts § 10:19 (2017 ed.).  Here, Plaintiff cannot allege that in supposedly sending her unwanted texts, the Dell Defendants in any way illegally assumed ownership of her cellular phone or engaged in wrongful conduct to possess her phone.  This claim should be dismissed.

## IV.   Conclusion

This Court should dismiss Plaintiff's First Amended Complaint in its entirety because Plaintiff cannot state a claim against the Dell Defendants.  Not only is jurisdiction lacking, but also, Plaintiff's own allegations make it clear that she speculates a Dell Defendant may or may not be somehow involved in the unwanted text messages that she received.  This is the definition of the kind of impermissible speculation and conclusory allegations that *Iqbal* and *Twombly* disallow.

Dated: February 12, 2018

Respectfully submitted,

    */s/ Derin Dickerson*
    Derin B. Dickerson (admitted *Pro hac vice*)
    Cassandra K. Johnson (admitted *Pro hac vice*)
    ALSTON & BIRD LLP
    1201 West Peachtree Street

Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
derin.dickerson@alston.com
cassie.johnson@alston.com

Adam P. Plant
Battle & Winn LLP
2901 2nd Avenue South, Suite 2200
Birmingham, AL 35233
Phone: (205) 397-8160
Fax: (205) 397-8179
Email: aplant@battlewinn.com

*Counsel for Dell Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this day, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record and the Plaintiff.

                                      */s/ Cassandra K. Johnson*
                                      Cassandra K. Johnson