IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **MARIAN SNOW,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **GENERAL ELECTRIC** ) <br> **COMPANY, DELL** ) <br> **TECHNOLOGIES, DELL, INC.,** ) <br> **and DELL EMC,** ) <br> ) <br> **Defendants.** ) <br> ) | **CASE NO. 7:17-cv-01961-LSC** |

### DEFENDANTS DELL TECHNOLOGIES, DELL INC., AND DELL EMC'S MOTION TO DISMISS REPLY BRIEF

On February 13, 2018, Plaintiff Marian Snow filed an Abbreviated Response in Opposition to the Dell Defendants' Motion to Dismiss. [*See* Dkt. No. 38]. Plaintiff previously filed a response to the Dell Defendants' Motion to Dismiss on January 31, 2018, and the Dell Defendants filed their Reply on February 12, 2018. Thus, Plaintiff's subsequent response is both untimely and improper and should be disregarded. If the Court considers Plaintiff's Abbreviated Response in Opposition to the Dell Defedendants' Motion to Dismiss, Dell adopts its prior arguments in its Reply in Support of its Motion to Dismiss, Dkt. No. 35, filed on February 12, 2018.

Additionally, Dell notes that Plaintiff's argument that the Court has jurisdiction over the Dell Defendants is offbase because she bases her argument on the concept of general jurisdiction. As the United States Supreme Court recently clarified, the assertion of general jurisdiction is proper only when a corporation is headquartered or incorporated in the forum state or "in an 'exceptional case'" when "a corporate defendant's operations in another forum 'may be so substantial and of such a nature as to render the corporation at home in that State.'" *BNSF Railway v. Tyrell*, 581 U.S. __, 137 S. Ct. 1549, 1558 (2017). A company is not at home in a state merely because it is heavily engaged in activity in that state. Instead, courts must look at "a corporation's activities in their entirety" because "a corporation that operates in many places can scarcely be deemed at home in all of them." *Id*. Because the allegations in the Complaint (and the extra-complaint allegations in both of Plaintiff's responses to the Dell Defendants' Motion to Dismiss) do not demonstrate any facts that indicate that the Dell Defendants are "essentially at home" in Alabama, general jurisdiction is improper. *See Rowe v. Gary, Williams, Parteni, Watson and Gary, P.L.L.C.*, 2018 WL 627479, *2 (11th Cir. Jan. 31, 2018).

Dated: February 23, 2018

Respectfully submitted,

                                              */s/ Derin Dickerson*
                                              Derin B. Dickerson (admitted *Pro hac vice*)

Cassandra K. Johnson (admitted *Pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309
Phone: (404) 881-7000
Fax: (404) 881-7777
derin.dickerson@alston.com
cassie.johnson@alston.com

Adam P. Plant
Battle & Winn LLP
2901 2nd Avenue South, Suite 2200
Birmingham, AL 35233
Phone: (205) 397-8160
Fax: (205) 397-8179
Email: aplant@battlewinn.com

*Counsel for Dell Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record. I also certify that I will serve a copy of the foregoing by mail on Plaintiff Marian Snow.

*/s/ Cassandra K. Johnson*
Cassandra K. Johnson